UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------------ X

:

LESLIE RIVERA,                                                    :

                                                                 :

                                      Plaintiff,                 :           1:20-cv-9968-GHW

                                                                 :

                    -against-                                    :           MEMORANDUM ORDER

                                                                 :                AND OPINION

THE CITY OF NEW YORK, THE CITY OF NEW         :

YORK HOUSING AUTHORITY, THE CITY OF           :

NEW YORK HOUSING POLICE, and P.O.             :

LATISHA SIDNEUS of PSA 8, SHIELD NO. 3463,    :

                                                                 :

                                      Defendants.                :

------------------------------------------------------------------ X

GREGORY H. WOODS, United States District Judge:

     Plaintiff Leslie Rivera was riding his electric bicycle on a street in the Bronx one evening when he was suddenly arrested at gunpoint by several police officers. The officers detained Mr. Rivera and later strip searched him. Mr. Rivera was released the next day and the criminal action against him was ultimately dismissed.

     Mr. Rivera brought this action against the City of New York, the City of New York Housing Authority (the "NYCHA"), the City of New York Housing Police (the "NYCHA Police Department"), and Officer Latisha Sidneus, alleging, among other things, that he had been falsely arrested, falsely imprisoned, and subjected to an illegal strip search. Defendants moved to dismiss Plaintiff's claims on various grounds, including an argument that Plaintiff's claims under 42 U.S.C. § 1983 are time-barred. Because the statute of limitations for Plaintiff's § 1983 claims were tolled by executive orders issued by the Governor of the State of New York as a result of the COVID-19 pandemic, Plaintiff's § 1983 claims are timely. As a result, for the reasons stated below, Defendants' motion to dismiss is granted in part and denied in part.

I.    BACKGROUND

A. Facts[1]

On the evening of October 5, 2017, Mr. Rivera was riding his electric bicycle on a street in the Bronx.  Compl., Dkt. No. 1, ¶ 11.  Without warning, Officer Latisha Sidneus and several other police officers, whom Mr. Rivera alleges are employed by the NYCHA Police Department, exited an unmarked vehicle with their guns drawn.  *Id.* ¶¶ 9–12.  The officers stopped Mr. Rivera, asked him for identification, and stated that he was "operating the bicycle without a license."  *Id.* ¶ 13.  In response, Mr. Rivera told the officers that a license was not required to ride an electric bicycle.  *Id.* As they were questioning him, one of the officers announced that Mr. Rivera was on parole.  *Id.*  Mr. Rivera told the officers that it was his last day of parole, and asked the officers to call his parole officer to confirm.  *Id.*  The officers refused.  *Id.*

The officers then arrested Mr. Rivera and took him to a police facility, where they strip searched him.  *Id.* ¶ 14.  After being detained for approximately six hours, the police transferred Mr. Rivera to central booking and to court.  *Id.* ¶ 15.  Mr. Rivera was not released until the evening of October 6, 2017.  *Id.*  The criminal action against Mr. Rivera was ultimately dismissed on March 26, 2018.  *Id.* ¶ 17.

B. Procedural History

Mr. Rivera commenced this action on November 25, 2020, naming the City of New York, the NYCHA, the NYCHA Police Department, and Officer Latisha Sidneus as defendants.  Dkt. No. 1.  Mr. Rivera's complaint lays out the following counts:  (1) false imprisonment, (2) false arrest, (3) negligent treatment, (4) invasion of privacy, (5) "civil rights violation," (6) negligence, and (7) municipal liability.  *Id.*

---

[1] Unless otherwise noted, the facts are taken from the complaint and are accepted as true for the purposes of this motion.  *See Chambers v. Time Warner, Inc.*, 282 F.3d 147, 152 (2d Cir. 2002).  However, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions."  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

On November 19, 2021, Defendants filed a motion to dismiss the complaint under Fed. R. Civ. P. 12(b)(6) for failure to state a claim.  Dkt. Nos. 31–33.  On December 9, 2021, Mr. Rivera filed a memorandum of law in opposition.  Dkt. No. 34.  Defendants filed a reply on December 28, 2021.  Dkt. No. 37.

## II.     LEGAL STANDARD

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."  *Id.* (citing *Twombly*, 550 U.S. at 556).  It is not enough for a plaintiff to allege facts that are consistent with liability; the complaint must "nudge[ ]" claims "across the line from conceivable to plausible."  *Twombly*, 550 U.S. at 570.  "To survive dismissal, the plaintiff must provide the grounds upon which his claim rests through factual allegations sufficient 'to raise a right to relief above the speculative level.'"  *ATSI Comm'ns, Inc. v. Shaar Fund, Ltd.*, 493 F.3d 87, 98 (2d Cir. 2007) (quoting *Twombly*, 550 U.S. at 555).

Determining whether a complaint states a plausible claim is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense."  *Iqbal*, 556 U.S. at 679.  The court must accept all facts alleged in the complaint as true and draw all reasonable inferences in the plaintiff's favor.  *Burch v. Pioneer Credit Recovery, Inc.*, 551 F.3d 122, 124 (2d Cir. 2008) (per curiam).  However,

> "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."  A complaint must therefore contain more than "naked assertion[s] devoid of further factual enhancement."  Pleadings that contain "no more than conclusions . . . are not entitled to the assumption of truth" otherwise applicable to complaints in the context of motions to dismiss.

*DeJesus v. HF Mgmt. Servs., LLC*, 726 F.3d 85, 87–88 (2d Cir. 2013) (alterations in original) (quoting *Iqbal*, 556 U.S. at 678–79). Thus, a complaint that offers "labels and conclusions" or "naked assertion[s]" without "further factual enhancement" will not survive a motion to dismiss. *Iqbal*, 556 U.S. at 678 (alteration in original) (citing *Twombly*, 550 U.S. at 555, 557).

On a motion to dismiss, a court must generally "limit itself to the facts stated in the complaint." *Field Day, LLC v. Cnty. of Suffolk*, 463 F.3d 167, 192 (2d Cir. 2006) (quoting *Hayden v. Cnty. of Nassau*, 180 F.3d 42, 54 (2d Cir. 1999)). In that context, "[a] court's task is to assess the legal feasibility of the complaint; it is not to assess the weight of the evidence that might be offered on either side." *Lynch v. City of New York*, 952 F.3d 67, 75 (2d Cir. 2020). "The purpose of Rule 12(b)(6) is to test, in a streamlined fashion, the formal sufficiency of the plaintiff's statement of a claim for relief *without* resolving a contest regarding its substantive merits. The Rule thus assesses the legal feasibility of the complaint, but does not weigh the evidence that might be offered to support it." *Glob. Network Commc'ns, Inc. v. City of New York*, 458 F.3d 150, 155 (2d Cir. 2006).

## III. DISCUSSION

### A. Claims Against the NYCHA and the NYCHA Police Department

Plaintiff's claims against the NYCHA Police Department are dismissed for lack of personal jurisdiction. Plaintiff alleges that the police officers involved in his arrest and detention were employed by the "New York City Housing Authority Police." *See* Compl. ¶¶ 9–13. However, "[t]he New York City Housing Authority police department was merged with the NYPD in 1995, and thereafter the Housing Authority has not maintained its own police department." *Smith v. Doe*, No. 10-cv-3136, 2010 WL 3733103, at *2 (S.D.N.Y. Sept. 7, 2010); *see also* Mem. of Law in Support of Defs.' Mot. to Dismiss, Dkt. No. 32, at 15 ("[T]he Complaint names 'City of New York Housing Police' as a defendant in this matter, however, the NYCHA Police Department merged with the NYPD in 1995. As such, there is no such existing entity."). Plaintiff does not contest the fact that

the NYCHA Police Department no longer exists.  "The court lacks personal jurisdiction over an entity that does not exist."  *Del Med. Imaging Corp. v. CR Tech USA, Inc.*, No. 08-cv-8556, 2010 WL 1487994, at *4 (S.D.N.Y. Apr. 13, 2010).

To the extent that Plaintiff intended to assert claims against the NYPD, any such claims are also dismissed because the NYPD is a non-suable agency of the City of New York.  N.Y. City Charter ch. 17, § 396 ("[A]ll actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the city of New York and not in that of any agency, except where otherwise provided by law."); *Jenkins v. City of New York*, 478 F.3d 76, 93 n.19 (2d Cir. 2007); *Garnes v. City of New York*, No. 22-cv-1769, 2022 WL 671082, at *1 (S.D.N.Y. Mar. 7, 2022) ("Plaintiff's claims against the New York City Police Department must be dismissed because an agency of the City of New York is not an entity that can be sued.").

Furthermore, Plaintiff fails to plausibly plead a claim for relief against the NYCHA. Plaintiff's claims are premised solely on the actions of NYPD officers and Plaintiff has not alleged any facts from which the Court could reasonably conclude that the NYCHA was responsible for those actions.  *See Smith*, 2010 WL 3733103, at *2 ("The Housing Authority is not liable for the actions of NYPD officers.").  Thus, Plaintiff's claims against the NYCHA are dismissed.  *See Brown v. New York City Hous. Auth.*, No. 13-cv-7599, 2014 WL 4370692, at *3 (S.D.N.Y. Sept. 3, 2014) ("Plaintiff's claims are based entirely on the alleged misconduct of police officers, including the named Officer Defendants.  Since such misconduct cannot be the basis for holding NYCHA liable, NYCHA must be dismissed as a defendant."); *Smith*, 2010 WL 3733103, at *2 ("To the extent that the plaintiff is attempting to allege a claim for a violation of his constitutional rights based on false arrest, the plaintiff has failed to plead any facts to state a plausible claim for relief against the Housing Authority.  Insofar as he complains of a false arrest, his Complaint is directed against New

York City police officers, and there are no allegations in the Complaint as to how the Housing Authority is responsible for the actions of New York City police officers.").

### B. State Law Claims

Plaintiff's state law claims are dismissed for failure to serve a notice of claim.  "Under New York law, a plaintiff asserting tort claims against the City or its employees must file a notice of claim within ninety days after the incident giving rise to the claim and commence the action within a year and ninety days from the date of the incident." *Brown v. City of New York*, No. 18-cv-3287, 2020 WL 1819880, at *7 (S.D.N.Y. Apr. 9, 2020) (citing N.Y. Gen. Mun. Law §§ 50-e(1), 50-i(1)).  "Although these notice of claim requirements do not apply to § 1983 claims brought in federal court, they do otherwise apply to state law claims that are brought in federal court as related to § 1983 claims," including state constitutional claims.  *Blue v. City of New York*, No. 14-cv-7836, 2018 WL 1136613, at *17 (S.D.N.Y. Mar. 1, 2018).  "At the pleading stage, plaintiffs must affirmatively plead compliance with the notice-of-claim requirement." *Walsh v. City of New York*, No. 19-cv-9238, 2021 WL 1226585, at *13 (S.D.N.Y. Mar. 31, 2021).  "'Notice of claim requirements are construed strictly by New York state courts, and failure to abide by their terms mandates dismissal of the action' for lack of subject matter jurisdiction." *Tulino v. City of New York*, No. 15-cv-7106, 2016 WL 2967847, at *3 (S.D.N.Y. May 19, 2016) (quoting *AT&T Co. v. N.Y.C. Dep't of Human Res.*, 736 F. Supp. 496, 499 (S.D.N.Y. 1990)).  Mr. Rivera has not alleged any facts related to a notice of claim in the complaint; nor has he contended that he complied with the requirements in his opposition to Defendants' motion to dismiss.  Consequently, Mr. Rivera's state law claims are dismissed.

### C. Section 1983

In addition to his state law claims, Mr. Rivera raises claims under 42 U.S.C. § 1983 for false arrest, false imprisonment, unlawful strip search, and municipal liability.  "Section 1983 provides a civil claim for damages against any person who, acting under color of state law, deprives another of

a right, privilege or immunity secured by the Constitution or the laws of the United States." *Thomas v. Roach*, 165 F.3d 137, 142 (2d Cir. 1999). Defendants move to dismiss Mr. Rivera's § 1983 claims because, Defendants argue, they are barred by the statute of limitations. In addition, Defendants argue that Mr. Rivera failed to sufficiently plead his municipal liability claim against the City of New York. The Court addresses each argument in turn.

### i. Statute of Limitations

Mr. Rivera's § 1983 claims are timely. "Section 1983 does not provide a specific statute of limitations. Thus, courts apply the statute of limitations for personal injury actions under state law. Section 1983 actions filed in New York are therefore subject to a three-year statute of limitations." *Hogan v. Fischer*, 738 F.3d 509, 517 (2d Cir. 2013) (citations omitted) (first citing *Owens v. Okure*, 488 U.S. 235, 249–51 (1989); then citing *Pearl v. City of Long Beach*, 296 F.3d 76, 79 (2d Cir. 2002); and then citing N.Y. C.P.L.R. § 214 (McKinney 2013)); *see also Mitchell v. Victoria Home*, 377 F. Supp. 2d 361, 371 (S.D.N.Y. 2005) ("Under New York law, the statute of limitations for § 1983 claims premised on torts such as false arrest or false imprisonment is three years."). Although "the statute of limitations period is determined by reference to state law, the determination of when a claim accrues is governed by federal law." *Mitchell*, 377 F. Supp. 2d at 371. For § 1983 claims, "accrual occurs when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Hogan*, 738 F.3d at 518 (quoting *Pearl*, 296 F.3d at 80).

Mr. Rivera's § 1983 claims accrued on or before October 6, 2017, and he filed his complaint on November 25, 2022. Ordinarily, under the three-year statute of limitations, Mr. Rivera's claims would have been time-barred on October 7, 2020. However, on March 20, 2020, the Governor of New York issued Executive Order 202.8, which tolled "any specific time limit for the commencement, filing, or service of any legal action" in light of COVID-19. N.Y. Exec. Order 202.8 (March 20, 2020). The tolling period was later extended to November 3, 2020. N.Y. Exec.

Order 202.67 (Oct. 4, 2020).  "[C]ourts in this district have uniformly concluded that Executive

Order 202.8 applies to federal cases applying New York's statute of limitations, including for § 1983

claims."  *Rich v. New York*, No. 21-cv-3835, 2022 WL 992885, at *8 (S.D.N.Y. Mar. 31, 2022); *see also*

*Sher v. City of New York*, No. 21-cv-1339, 2022 WL 1294395, at *3 (S.D.N.Y. Apr. 29, 2022)

("Because claims under § 1983 are 'subject to state tolling rules,' the statute of limitations on the

plaintiff's claims was tolled . . . ." (quoting *Pearl*, 296 F.3d at 81)); *Paul v. Capra*, No. 20-cv-5154, 2022

WL 992845, at *6 (S.D.N.Y. Mar. 31, 2022) ("[T]he toll pursuant to Executive Order 202.8 should

be borrowed in the context of Plaintiff's Section 1983 claims.").  Because the statute of limitations

for Mr. Rivera's § 1983 claims was tolled between March 20, 2020 and November 3, 2020, Mr.

Rivera's claims are timely.

### ii.  *Municipal Liability*

Mr. Rivera has failed to plead a viable § 1983 claim against the City of New York.  Under

§ 1983, municipalities are "not vicariously liable . . . for their employees' actions."  *Connick v.*

*Thompson*, 563 U.S. 51, 60 (2011).  Plaintiffs seeking to hold a municipality liable under § 1983 must

plead "(1) an official policy or custom that (2) causes the plaintiff to be subjected to (3) a denial of a

constitutional right."  *Rodriguez v. Winski*, 973 F. Supp. 2d 411, 425 (S.D.N.Y. 2013) (quoting *Wray v.*

*City of New York*, 490 F.3d 189, 195 (2d Cir. 2007)); *see also Monell v. Dep't of Soc. Servs.*, 436 U.S. 658,

690–91 (1978).

Mr. Rivera's complaint alleges that the City of New York is liable for the actions of the

officers who arrested Mr. Rivera.  In all material respects, Mr. Rivera's municipal liability claim is

copied word for word from a complaint filed in the case *Cruz v. City of New York*, No. 15-cv-2265,

2016 WL 234853 (S.D.N.Y. Jan. 19, 2016).² *Compare* Compl. ¶¶ 49–63, *with* Case No. 15-cv-2265, Dkt. No. 1, ¶¶ 49–63.  In *Cruz*, Judge Engelmayer granted the defendants' partial motion for judgment on the pleadings and dismissed the plaintiff's municipal liability claim against the City of New York. *Cruz*, 2016 WL 234853 at *3–7.  The Court has reviewed Judge Engelmayer's analysis in *Cruz* and agrees with his reasoning and conclusion.  Because Mr. Rivera's complaint is functionally identical to the complaint in *Cruz*, the Court dismisses Mr. Rivera's municipal liability claim against the City of New York for substantively the same reasons as Judge Engelmayer in *Cruz*.³

### D.  Remaining Federal Claims

In an attempt to throw spaghetti at the wall, Mr. Rivera's claim for "Civil Rights Violation" contains the vague and conclusory allegation that Mr. Rivera was "deprived of his civil rights under the Constitution of the State of New York and the Constitution of the United States, as well as other State ordinances statutes, codes and rules, including but not limited to 42 USC § 1981, § 1983, § 1985, 1988 and 28 USC § 1343."  Compl. ¶ 39.  To the extent that Mr. Rivera's seeks relief under the enumerated statutes in addition to § 1983, Mr. Rivera's claims are dismissed.

Plaintiff improperly invokes 28 U.S.C. § 1343, which "govern[s] procedure in the federal district courts and [does not] provide a separate claim for relief."  *Hardy-Graham v. Southampton Just. Ct.*, No. 20-cv-098, 2021 WL 260102, at *4 (E.D.N.Y. Jan. 25, 2021).  Similarly, "Plaintiff cannot state a claim for relief under 42 U.S.C. § 1988 as this section does not create a separate cause of action."  *Moore v. Desposito*, No. 15-cv-4319, 2016 WL 4223967, at *4 (E.D.N.Y. Apr. 19, 2016).

---

² Mr. Rivera's complaint is nearly identical in both substance and form to the complaint filed in *Cruz*, including the location of various misplaced periods and other formatting errors.  Notably, the plaintiff in *Cruz* was represented by Arlen Yalkut.  Mr. Rivera was also represented by Arlen Yalkut prior to Mr. Yalkut's death in December 2018.  *See* Mem. of Law in Opp'n to Defs.' Mot. to Dismiss, Dkt. No. 34, at 2.
³ When cutting and pasting the identical allegations into this complaint, counsel for Mr. Rivera could not have expected a different result.

Because these statutes do not provide independent claims for relief, Plaintiff's claims under 28 U.S.C. § 1343 and 42 U.S.C. § 1988 are dismissed.

Plaintiff's § 1981 claim also fails. Section 1981 "does not provide a separate private right of action against state actors." *Duplan v. City of New York*, 888 F.3d 612, 621 (2d Cir. 2018). Instead, "42 U.S.C. § 1983 provides the sole cause of action available against state actors alleged to have violated § 1981." *Id.* at 616. Accordingly, Plaintiff's § 1981 claim is dismissed. *See Donzo v. City of New York*, No. 21-cv-629, 2021 WL 5507027, at *4 (S.D.N.Y. Nov. 23, 2021) (collecting cases).

Finally, Mr. Rivera fails to sufficiently plead a § 1985 claim. To plead a conspiracy claim under § 1985(3),[4] a plaintiff must allege "1) a conspiracy; 2) for the purpose of depriving, either directly or indirectly, any person or class of persons of the equal protection of the laws, or of equal privileges and immunities under the laws; and 3) an act in furtherance of the conspiracy; 4) whereby a person is either injured in his person or property or deprived of any right or privilege of a citizen of the United States." *Dolan v. Connolly*, 794 F.3d 290, 296 (2d Cir. 2015) (quoting *Britt v. Garcia*, 457 F.3d 264, 269 n.4 (2d Cir. 2006)). "The conspiracy must also be 'motivated by some racial or perhaps otherwise class-based, invidious discriminatory animus.'" *Id.* (quoting *Cine SK8, Inc. v. Town of Henrietta*, 507 F.3d 778, 791 (2d Cir. 2007)). Mr. Rivera's complaint is completely devoid of any allegations of a conspiracy or that Defendants discriminated against him in any manner. Accordingly, Mr. Rivera's § 1985 claim is dismissed.

## IV.   LEAVE TO AMEND

The Court grants Mr. Rivera leave to amend his dismissed § 1983, § 1985, and state law claims. *See Cortec Indus., Inc. v. Sum Holding L.P.*, 949 F.2d 42, 48 (2d Cir. 1991) ("It is the usual

---

[4] The complaint lacks any factual allegations that implicate § 1985(1) or (2) which "relate to conspiracy claims to prevent officers from performing their duties and to obstruct judicial proceedings by intimidating a party, witness, or juror." *Swanhart v. New York*, No. 20-cv-6819, 2022 WL 875846, at *4 n.4 (S.D.N.Y. Mar. 24, 2022); *see also* 42 USC § 1981(1)–(2).

practice upon granting a motion to dismiss to allow leave to replead."); *see also* Fed. R. Civ. P. 15(a)(2) ("The court should freely give leave [to amend] when justice so requires."). However, the Court denies Plaintiff leave to replead his claims against the NYCHA and the NYCHA Police Department, as well as his claims under 42 U.S.C. § 1981, 42 U.S.C. § 1988, and 28 U.S.C. § 1343 because any attempt to replead those claims would be futile. *See TechnoMarine SA v. Giftports, Inc.*, 758 F.3d 493, 505 (2d Cir. 2014) ("Leave may be denied 'for good reason, including futility, bad faith, undue delay, or undue prejudice to the opposing party.'" (quoting *McCarthy v. Dun & Bradstreet Corp.*, 482 F.3d 184, 200 (2d Cir. 2007))). Any amended complaint must be filed no later than fourteen (14) days from the date of this order.

## V.    CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED in part and DENIED in part. Plaintiff's § 1983 claim against Officer Sidneus survives Defendant's motion to dismiss and will proceed in the event that Plaintiff elects not to amend his complaint. All other claims are dismissed.

The Clerk of Court is directed to terminate the motion pending at Dkt. No. 31.

SO ORDERED.

Dated:  May 13, 2022
New York, New York
                              GREGORY H. WOODS
                          United States District Judge